HARLEY–DAVIDSON, INC., Plaintiff,

v.

Ronald GROTTANELLI, d/b/a The Hog Farm, Defendant.

No. 93–CV–144M.

United States District Court,
W.D. New York.

March 24, 2000.

Michael, Best & Friedrich, Dyann L. Kostello, Milwaukee, WI, for plaintiff.

Phillips, Lytle, Hitchcock, Blaine & Huber, Peter K. Sommer, Buffalo, NY, for defendant.

## DECISION

MAXWELL, United States Magistrate Judge.

This cause came to be heard before the court, sitting without a jury, on October 21 through 24, 1996. In a Decision and Order entered March 20, 1997, I found that defendant was entitled to use the term "Hog Farm" in the conduct of its business, but that plaintiff Harley–Davidson, Inc. was entitled to a permanent injunction with respect to its "Bar and Shield" and "Hog" trademarks. The Defendant moved on April 9, 1997 to amend the court's findings of fact, to make additional findings of fact and to amend the order of March 20, 1997 (Docket Item # 86), and further, on May

21, 1997, to amend the pleadings to conform with the evidence and for entry of judgment in his favor (Docket Item # 88). In a judgment and permanent injunction filed October 1, 1997, this court denied the defendant's motions and enjoined his use of the plaintiff's so-called "Bar and Shield" and "Hog" trademarks. Thereafter, the parties appealed to the United States Court of Appeals for the Second Circuit. That court upheld the judgment as to the "Bar and Shield" trademarks, but reversed and remanded as to the "Hog" trademarks, finding that "hog" is a generic term and that "[e]ven the presumption of validity arising from federal registration, … cannot protect a mark that is shown on strong evidence to be generic as to the relevant category of products prior to the proprietor's trademark use and registration." *Harley–Davidson, Inc. v. Grottanelli,* 164 F.3d 806, 811 (2d Cir.1999) (cites omitted). Accordingly, the court held that "Harley–Davidson may not prohibit Grottanelli from using 'hog' to identify his motorcycle products and services." *Id.* at 812. Plaintiff moved for a rehearing, which was denied on March 19, 1999. Plaintiff declined to file a petition for a writ of certiorari with the United States Supreme Court. This court heard oral argument on the scope of the amended injunction on August 25, 1999. Several issues were raised at that time that require disposition prior to the entry of an amended injunction.

First, plaintiff asks this court to address its claim of unfair competition under the Lanham Act, 15 U.S.C. § 1125. As I previously found that plaintiff was entitled to an injunction with respect to both the "Hog" and "Bar and Shield" trademarks, it was not necessary at that time to address the plaintiff's claim of unfair competition under the Lanham Act. In light of the Second Circuit's finding that "hog" is generic, however, the claim of unfair competition impacts on the scope of the amended injunction. While the Second Circuit found that "hog" is generic as ap-

plied to large motorcycles and that defendant may use the word to identify its motorcycles and products, plaintiff may nonetheless raise a claim of unfair competition under the Lanham Act. *Genesee Brewing Co., Inc. v. Stroh Brewing Company*, 124 F.3d 137, 149 (2d Cir.1997), *Murphy Door Bed Co. v. Interior Sleep Systems*, 874 F.2d 95, 102 (2d Cir.1989). To recover on a claim of unfair competition under the Lanham Act, the plaintiff must show 1) an association of origin by the consumer between "hog" and Harley–Davidson, and 2) a likelihood of consumer confusion when the mark is applied to the defendant's goods. *See Genesee Brewing, supra*, at 150.

■ Here, plaintiff claims that the word "HOG" is so associated with plaintiff's products that, while defendant can use the lower case letters "hog" for its products, it should be precluded from using the upper case "HOG" because of the likelihood of consumer confusion. However, both this court and the Second Circuit found that the term referred to motorcycles and was used by defendant in his business name, "The Hog Farm," before plaintiff embraced the term. Cases cited by the plaintiff which require restrictive or explanatory use of the generic term all refer to factual situations where the persons enjoined used the term *subsequent* to use by the protester. *See Genesee Brewing Co., Inc., supra; Forschner Group, Inc. v. Arrow Trading Co., Inc.*, 30 F.3d 348, 358 (2d Cir.1994); *Murphy Door Bed Co., supra.*

I do not believe, on the present record, that defendant should be precluded from use of the words "HOG," "Hog" or "hog" when referring to its products. The mere use of the generic word "hog," regardless of how it is displayed, cannot be said to be a cause of consumer confusion, unless the defendant uses the term in conjunction with the name "Harley–Davidson" or other Harley–Davidson trademarks. At this time, however, I believe it is inappropriate to limit use of the generic term by defendant in anticipation of some future use which may or may not lead to confusion. As stated by the Second Circuit, "[l]ike any other manufacturer with a product identified by a word that is generic, Harley– Davidson will have to rely on all or a portion of its tradename (or other protectable marks) to identify its brand of motorcycles, *e.g.*, 'Harley Hogs.'" *Harley–Davidson Inc. v. Grottanelli, supra*, at 812.[1] Of course, defendant, like Harley–Davidson, would be covered by this admonition in his use of the term to identify his products.

Defendant in his Memorandum of Law also contends that this court should take pains in the amended injunction to avoid the prior restraint of lawful uses of the generic term, including use of the word "hog" to refer to Harley–Davidson and the First Amendment right to parody Harley–Davidson. Defendant's Post–Hearing Brief, filed September 15, 1999. On this record, I do not think it appropriate to give an advisory opinion as to the allowable uses of the generic term, nor do I believe that defendant's use of the term should have restrictions attached at this time.[2] The injunction entered herewith seeks to protect the plaintiff from the unfair use of its trademarks, whether or not in conjunction with the term "hog," and yet does not unduly restrict defendant's use of the generic term.

Given the Second Circuit's finding that "hog" is a generic term as applied to large motorcycles, defendant seeks the cancellation of three of plaintiff's "HOG" trade-

---

1. It should also be noted that the Circuit Court used the upper case "HOG" in stating that I was in error in upholding Harley–Davidson's anti-dilution claim. *Harley–Davidson v. Grottanelli, supra*, at 811.

2. Defendant previously raised the parody issue but the Second Circuit rejected this defense, concluding that defendant's claimed parodic use of the Harley–Davidson logo failed to comment on the trademark and was merely an effort to market competing services.

marks.[3] Title 15 U.S.C. § 1119 provides that in any action involving a registered trademark, "the court may determine the right to registration, order the cancelation (sic) of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." Where it has been determined that a registered trademark is a term of generic significance, courts have canceled the registrations. *Abercrombie & Fitch Co. v. Hunting World, Inc.*, 537 F.2d 4 (2d Cir. 1976); *Loctite Corp. v. National Starch and Chemical Corp.*, 516 F.Supp. 190 (S.D.N.Y.1981). However, given the permissive language of the statute, and the fact that the defendant never interposed a counterclaim for cancellation of the trademarks, raising the issue only after the case was remanded from the Second Circuit, the court declines defendant's invitation to cancel the "Hog" registrations. The defendant can make such application to the United States Patent and Trademark Office.[4]

An Amended Order and Permanent Injunction consistent with this decision will be filed.

SO ORDERED.

## AMENDED JUDGMENT AND PERMANENT INJUNCTION

This cause came to be heard before the Court, sitting without a jury, on October 21 through 24, 1996. In a Decision and Order entered March 20, 1997, this court found that the defendant was entitled to use the term "Hog Farm" in the conduct of its business, but that plaintiff Harley–Davidson, Inc. was entitled to a permanent injunction with respect to its "Bar and Shield" and "Hog" trademarks. In a judgment and permanent injunction filed October 1, 1997, this court enjoined the defendant's use of the plaintiff's so-called "Bar and Shield" and "Hog" trademarks (Docket # 96). Thereafter, the case was appealed to the United States Court of Appeals for the Second Circuit. That court upheld the judgment as to the "Bar and Shield" trademarks, but reversed and remanded as to the "Hog" trademarks, finding that "hog" is a generic term, ineligible for trademark protection. *Harley–Davidson, Inc. v. Grottanelli*, 164 F.3d 806 (2d Cir. 1999). The plaintiff's motion for rehearing before the Second Circuit was denied on March 19, 1999, and plaintiff declined to file a writ of certiorari with the United States Supreme Court. Memoranda of law having been submitted in this court, and oral argument having been heard on August 25, 1999, it is hereby

ORDERED, ADJUDGED AND DECREED that plaintiff is entitled to a permanent injunction as provided herein:

1. The court has jurisdiction over the parties and subject matter.

2. Plaintiff is the owner of the trademarks and registrations known as the "Bar and Shield Trademarks," copies of which are attached hereto as Exhibits 1 through 11.

3. Defendant has infringed and/or diluted these marks by, *inter alia*, using logos in connection with its business which contain the Bar and Shield Trademarks or colorable imitations thereof. Defendant's use in this manner has created a likelihood

---

3. The three registrations, Numbers 1,597,352, 1,599,492, and 1,692,171, all relate to motorcycle parts and equipment which do not appear in the record to be manufactured by defendant at this time. Defendant does not seek cancellation of other Registered Trademarks of plaintiff which are variations of the word "HOG."

4. It should be noted that courts in other jurisdictions have found Harley–Davidson's use of the term "hog" to be entitled to trademark protection, *see Harley–Davidson, Inc. v. Seghieri*, 29 U.S.P.Q.2d (BNA) 1956 (N.D.Cal. October 13,1993); *Harley–Davidson Motor Co., Inc. v. Pierce Foods Corp.*, 231 U.S.P.Q. (BNA) 857 (Trademark Tr. & App. Bd. August 27, 1986), although those cases were found by the Second Circuit to be inapplicable. *Harley–Davidson, Inc. v. Grottanelli supra*, at 811.

of dilution and of confusion as to source, sponsorship, or affiliation of defendant's business with Harley–Davidson, Inc.

4. Defendant and its agents, servants and employees, and all those persons in active concert or participation with it are hereby permanently enjoined from:

a. using, or aiding, abetting, inducing or licensing any third party to use signage, promotional materials, business cards, invoices, purchase orders, work orders, letterhead, displays, advertisements, directory listings, fliers, newsletters, Internet sites or other business materials which contain:

(i) any of the Bar and Shield Trademarks, either alone or in combination with any other words or design elements, including the defendant's current logo;

(ii) any similar mark which so resembles any of the Bar and Shield Trademarks as to be likely to cause confusion, mistake, deception or dilution,

on or in connection with the advertising, offering for sale, or sale of any goods or services not originating with or sponsored or authorized by Harley–Davidson, Inc., provided, however, that the defendant may use the words "Harley–Davidson," without any of Harley–Davidson's other trademarks or marks similar thereto, in a truthful, informational sentence;

b. selling, offering for sale, advertising, distributing, or displaying any goods, not manufactured entirely by Harley–Davidson, Inc. or one of its authorized licensees and sold in the ordinary course of business for use by consumers, including but not limited to, t-shirts, bandannas, games, sweatshirts, motorcycle parts or products, toys, decals, and emblems bearing:

(i) any of the Bar and Shield Trademarks, either alone or in combination with any other words or design elements, including the defendant's current logo;

(ii) any similar mark which so resembles any of the Bar and Shield Trademarks

as to be likely to cause confusion, mistake, deception, or dilution;

c. using, or aiding, abetting, inducing or licensing any third party to use:

(i) any of the Bar and Shield Trademarks, either alone or in combination with any other words or design elements, including the defendant's current logo;

(ii) any similar mark which so resembles any of the Bar and Shield trademarks as to be likely to cause confusion, mistake, deception or dilution;

in connection with any services not sponsored, authorized or approved by Harley–Davidson, Inc.;

d. holding itself out as a dealer, whether authorized or unauthorized, of Harley–Davidson products and/or services;

e. continuing, resuming, or initiating any other unauthorized use of any Bar and Shield Trademarks, either alone or in combination with other words or design elements, or any similar mark which so resembles any of the Bar and Shield Trademarks as to be likely to cause confusion, mistake, deception or dilution;

5. Defendant shall deliver up to plaintiff, within thirty days of entry of this Order its entire inventory of infringing signs, goods, promotional materials and product packaging.

6. Defendant is not enjoined from using the term "hog" to identify its motorcycle products and services, as that term has been found to be generic as to large motorcycles. However, if the defendant chooses to use the term "hog" to identify its products and services, it is to use every reasonable means to prevent confusion as to the source of the goods and services.

7. As the court did not find for either party with respect to all of the claims at issue, in the interests of justice, the court declines to award costs to either party.
SO ORDERED.