**MANNING INTERNATIONAL INC., Plaintiff,**

v.

**HOME SHOPPING NETWORK, INC., and Port Carling Corporation, Defendants.**

**No. 01 CIV. 0865(RLC).**

United States District Court, S.D. New York.

July 11, 2001.

Rubin, Bailin, Ortoli, Mayer & Baker LLP, Attorneys for the Plaintiff, New York City, Eric Vaughn–Flam, Of Counsel.

Orrick, Herrington & Sutcliffe, LLP, Attorneys for the Defendants, New York City, Michael B. Carlinsky, Of Counsel.

## OPINION

ROBERT L. CARTER, District Judge.

Plaintiff Manning International Inc. ("plaintiff") asserts claims under the Lan-

ham Act, §§ 43(a)(1)(A) & (B); and New York common law of unfair competition, against defendants Home Shopping Network, Inc. ("HSN") and Port Carling Corporation ("Carling") ("defendants"). Defendants move to dismiss the action pursuant to Rule 12(b)(6), F.R. Civ. P., for failure to state a claim upon which relief can be granted.

## BACKGROUND

Plaintiff is a New York corporation with its principal place of business in New York City. Plaintiff is the exclusive domestic distributor of "Gilson–Created" opal gem stones, which are authentic laboratory-created opals with the same optical, physical and chemical properties as real opals. Plaintiff supplies 85%–90% of synthetic opals nationwide. Plaintiff has used the terms "laboratory-created," "synthetic" and "Gilson–Created" to identify and distinguish its goods continuously since June 1, 1990. None of these terms are registered trademarks.

HSN is a Delaware corporation with its principal place of business in St. Petersburg, Florida. HSN advertises and sells "Technibond Created Opal" products. Carling is a Nevada corporation with its principal place of business in Beverly Hills, California. Carling is the owner of the "Suzanne Sommers Collection" trademark, and engages in the advertising and sale of "Suzanne Somers' Created Opal" products. Defendants' opal products are allegedly cheap plastic imitations made out of polymer or resin filled silica lattice.

Plaintiff filed this complaint on January 4, 2001, seeking injunctive relief and damages based on defendants' marketing their plastic imitation opals as "laboratory-created," "synthetic" and "[manufacture name]-created" in interstate commercial advertisements, including via television and the internet. Plaintiff alleges that the use of these designations is intended to reflect the superior quality of plaintiff's authentic synthetic opals.[1]

## DISCUSSION

### I.

The court may dismiss plaintiff's complaint pursuant to Rule 12(b)(6) only if it " 'appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *Cooper v. Parsky*, 140 F.3d 433, 440 (2d Cir.1998) (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In ruling on defendants' motion, the court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of plaintiff. *See Bernheim v. Litt*, 79 F.3d 318, 321 (2d Cir.1996).

### II.

Counts I and III allege false designation of origin in violation of § 43(a)(1)(A) of the Lanham Act[2] and unfair competition under New York common

---

1. The court has subject matter jurisdiction over the Lanham Act claims in this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1332(a) and 1338(a). The court has subject matter jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §§ 1338(b) and 1367(a). Venue is proper in this court pursuant to 28 U.S.C. § 1391(b) and (c).

2. Although plaintiff titles Count I as a "Violation of Unregistered Trademark as per 43(a)(1)(A) of the Lanham Act," the substance of the count alleges a broader claim of false designation of origin and unfair competition. (Cplt. at 6.) Pursuant to Rule 8(f), F.R. Civ. P., the court will read Count I in accord with its substance.

law, respectively.[3] Defendants assert that these allegations fail to state a claim upon which relief can be granted because the terms "laboratory-created," "synthetic" and "[manufacture name]-created" are generic, and therefore not entitled to trademark protection.[4]

■ Defendants are correct that generic terms, that is, terms that refer to a class of product rather than a particular product, are not entitled to trademark protection. *See Abercrombie & Fitch Co. v. Hunting World, Inc.,* 537 F.2d 4, 9 (2d Cir.1976). However, whether a term is generic or descriptive is a question of fact. *See Textile Deliveries, Inc. v. Stagno,* 1990 WL 155709, at *5 (S.D.N.Y. Oct.9, 1990) (Keenan, J.), *aff'd,* 52 F.3d 46 (2d Cir. 1995). At this early stage, when plaintiff has not had an opportunity to submit supportive proof, such a factual analysis is inappropriate.

■ Moreover, even assuming, *arguendo,* that the terms in question are generic, "such a finding does not close all avenues of relief." *Forschner Group, Inc. v. Arrow Trading Co., Inc.,* 30 F.3d 348,

357 (2d Cir.1994). Plaintiff may seek protection under § 43(a)(1)(A) if (1) goods or services are involved, (2) interstate commerce is affected, (3) "an association of origin by the consumer" between the generic term and the first user exists (i.e. secondary meaning), and (4) there is "a likelihood of consumer confusion" as to the goods' or services' source when the generic term is applied to the second user's goods or services.[5] *See Genesee Brewing Co., Inc. v. Stroh Brewing Co.,* 124 F.3d 137, 150 (2d Cir.1997) (citations omitted); *Sun Trading Distrib. Co. v. Evidence Music,* 980 F.Supp. 722, 727 (S.D.N.Y.1997) (Chin, J.). The same claim may be made under New York common law of unfair competition, except that the state law action requires an additional element of bad faith or intent. *See Genesee,* 124 F.3d at 149.

■ Here, plaintiff asserts that by virtue of its dominance of the domestic synthetic opal market, the terms "synthetic," "laboratory-created" and "[manufacture name]-created" have acquired a secondary meaning, becoming synonymous with its own high-quality "Gilson–Created" opals.[6] Plaintiff alleges that defendants'

---

**3.** In a federal question action where a federal court is exercising supplemental jurisdiction over state claims, the federal court applies the choice-of-law rules of the forum state. *See Rogers v. Grimaldi,* 875 F.2d 994, 1002 (2d Cir.1989). Under New York choice-of-law rules, New York law properly applies to this case since the plaintiff is based in New York, the alleged harm occurred in New York, and the defendants do business in New York. *See Lazard Freres & Co. v. Protective Life Ins., Co.,* 108 F.3d 1531, 1539 (2d Cir.1997) (holding that New York applies the law of the state having the most significant contacts to the underlying transaction).

**4.** For the purposes of trademark protection, terms are classified into four degrees of distinctiveness: (i) generic, (ii) descriptive, (iii) suggestive, and (iv) arbitrary or fanciful. *See Abercrombie & Fitch Co. v. Hunting World, Inc.,* 537 F.2d 4, 9 (2d Cir.1976).

**5.** Defendants mistakenly assert that plaintiff is required to allege that defendants did not take all reasonable steps to prevent confusion. That is not an element of a *prima facie* case under § 43(a)(1)(A). *See Genesee Brewing Co., Inc. v. Stroh Brewing Co.,* 124 F.3d 137, 150 (2d Cir.1997) (listing only (1) association of origin and (2) likelihood of confusion); *Harley–Davidson, Inc. v. Grottanelli,* 91 F.Supp.2d 544, 546 (W.D.N.Y.2000) (same).

**6.** Defendants assert that because the terms at issue are prescribed for use by many manufactures of jewelry, use of the terms cannot constitute a false designation of origin. (Defs.' Mem. at 17–18.) This is a misstatement of the law. The relevant rule is that if terms are "used by many manufacturers to describe the same or similar products," then their use by a defendant cannot constitute a false designation of origin. *Joshua Meier Co. v. Albany Novelty Mfg. Co.,* 236 F.2d 144, 148

use of these terms when marketing and selling their inferior opals in interstate commerce are literally false representations of fact that have caused and are likely to continue to "cause confusion" as to the association of plaintiff with defendants' products.[7] (Cmplt.¶ 34.) Plaintiff further alleges that defendants intended to deceive consumers into thinking that their cheap, plastic, imitation opals originate with plaintiff. These allegations adequately assert a cause of action under both § 43(a)(1)(A) and New York common law of unfair competition.

### III.

■ Count II alleges false advertising in violation of § 43(a)(1)(B) of the Lanham Act. Plaintiff contends that defendants have marketed their opals under the terms "synthetic," "laboratory-created" and "[manufacture name]-created" even though their opals do not meet the FTC guidelines for these terms. *See* 16 C.F.R. § 23.23(c) (stating that these terms may only be used to describe industry products with "essentially the same optical, physical, and chemical properties as the stone named.").

■ Defendants argue that absent the definitions provided by the FTC guidelines, plaintiff would have "no basis for challenging Defendants' use of those terms to describe their simulated opals." (Defs. Mem. at 9.) Defendants therefore assert

that plaintiff's complaint states an unfair trade practice claim under the Federal Trade Commission Act ("FTCA") alone. However, private parties do not have standing to sue under the FTCA. *See Alfred Dunhill Ltd. v. Interstate Cigar Co., Inc.*, 499 F.2d 232, 237 (2d Cir.1974).

■ Neither the FTCA nor judicial precedent indicate that the FTCA provides the exclusive remedy for mislabeling a gemstone product. "[A]ny person who believes that he or she is likely to be damaged" by the use of a "false or misleading description of fact" may sue for violation of the Lanham Act. 15 U.S.C. § 1125(a). Moreover, plaintiff may and should rely on FTC guidelines as a basis for asserting false advertising under the Lanham Act. "[A]s the administrative agency charged with preventing unfair trade practices, the Commission's assessment of what constitutes deceptive advertising commands deference from the judiciary." *B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 168 F.3d 967, 973 (7th Cir.1999).

■ Consequently, plaintiff may proceed under § 43(a)(1)(B) of the Lanham Act if it has properly alleged that (1) goods or services are involved, (2) interstate commerce is affected, and (3) the defendants used a false or misleading description or representation of fact with re-

(2d Cir.1956) (emphasis added). Here, plaintiff asserts that it controls 85%–90% of the domestic market for synthetic opals, and therefore the term is not used by many manufacturers.

7. *Defendants assert that the court may decide whether there is a likelihood of confusion as a matter of law.* In fact, a determination as to the likelihood of confusion is based on a fact specific inquiry inappropriate at this early stage in the proceedings. *See Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495 (2d Cir.1961); *Estee Lauder, Inc. v. The Gap, Inc.*, 108 F.3d 1503, 1509–10 (2d Cir.

1997). However, the court may make an initial finding as to whether a jury would find a likelihood of confusion as to source. *See Textile Deliveries*, 1990 WL 155709, at *6. Here, defendants have allegedly marketed opal products of inferior quality, through means such as the television and internet, under the same descriptive terms used by plaintiff for over ten years to describe its superior opal products, which consume 85%–90% of the domestic market. In short, the likelihood of confusion over the source of the product has been sufficiently alleged.

spect to an inherent quality or characteristic of those goods or services. *See Sun Trading,* 980 F.Supp. at 727. "The key under this theory is not confusion of source, but confusion as to the attributes of a competing product. Plaintiff must show that the allegedly false description provides a competitor with an inappropriate advantage." *Warren Corp. v. Goldwert Textile Sales, Inc.,* 581 F.Supp. 897, 900 (S.D.N.Y.1984) (Carter, J.).

Here, plaintiff alleges that defendants' description of their opals as "synthetic," "laboratory-created" and "[manufacture name]-created" in interstate commercial advertisements and promotions is both literally false and misleading. Plaintiff further alleges that defendants' false and misleading advertising makes consumers assume that defendants' opals are identical in quality to plaintiff's own, thus concealing the reason for the cost difference between the products. (Cplt. ¶ 53.) Plaintiff in effect charges defendants with gaining an unfair competitive advantage by using the false description. This claim adequately states a cause of action for false advertising under § 43(a)(1)(B).

## CONCLUSION

For the reasons set forth above, the court denies defendants' motion to dismiss.

**IT IS SO ORDERED.**