**MAHARISHI HARDY BLECHMAN LTD., a U.K. Company,**
Plaintiff,

v.

**ABERCROMBIE & FITCH COMPANY, a Delaware corporation, and Abercrombie & Fitch Stores, Inc., an Ohio corporation, Defendant.**

No. 03 Civ. 1028(VM).

United States District Court,
S.D. New York.

Feb. 5, 2004.

Philippe Bennett, Robert E. Hanlon, Lara A. Holzman, Donna Corby Sobel, Coudert Brothers, L.L.P., New York City, for plaintiff.

Frank J. Colucci, Orank J. Collucci & Uhmans, New York City, for defendant.

### DECISION AND ORDER

MARRERO, District Judge.

Plaintiff Maharishi Hardy Blechman Ltd. ("Maharishi") moves to amend its complaint, which the Court dismissed on a motion for summary judgment by defendants Abercrombie & Fitch Company and Abercrombie & Fitch Stores, Inc. (collectively, "Abercrombie"), but granted Maharishi leave to replead certain claims. *See Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.*, 292 F.Supp.2d 535 (S.D.N.Y.2003). The motion is granted.

### I. BACKGROUND

The facts and procedural history of this case are explained more fully in the Court's summary judgment opinion. *Id.* at 538–40. Maharishi alleges, among other things, that certain Abercrombie garments infringe upon the trade dress of a style of Maharishi pants known as "Snopants." The Court granted Abercrombie summary judgment on the trade dress claim on the ground that Maharishi's asserted trade dress was not consistent throughout the line of widely-divergent Snopants. *Id.* at 550. The Court noted that certain "muddy preliminary issues overshadow[ed] the underlying merits," which required the Court to decide the motion based upon suppositions which may not have accorded with Maharishi's intentions. *Id.* at 543. In particular, the case involved limited discovery (Abercrombie sought none), and it was unclear exactly the nature of Maharishi's claimed trade dress, which the Court characterized as a "moving target." *Id.* Maharishi attempted to clarify and narrow the scope of its lawsuit in such a way as to cure these deficiencies, but it did so for the first time in its opposition to Abercrombie's motion to dismiss. *See id.* at 543–44. Because of this peculiarity, the Court's grant of summary judgment to Abercrombie also permitted Maharishi to file a motion for leave to amend its complaint – the motion now before the Court. *See id.* at 554–55.

 Leave to amend a complaint "shall be freely given," Fed.R.Civ.P. 15(a), and "there must be good reason to deny the motion" for leave to amend. *Acito v. IMCERA Group, Inc.*, 47 F.3d 47, 55 (2d Cir. 1995). Abercrombie contends that Maharishi's amendments would be futile because the proposed amended complaint would not survive a motion to dismiss. However, Abercrombie's argument on this point reads more like a summary judgment motion than an opposition to a proposed amendment of a complaint – a legal challenge that at this stage of litigation is more akin to a Rule 12(b)(6) attack on the sufficiency of the pleadings. In this regard, Abercrombie ignores the rule that "[i]n considering a motion to dismiss for failure to state a claim, a district court must limit itself to the facts stated in the complaint, documents attached to the complaint as exhibits and documents incorporated by reference in the complaint." *Hayden v. County of Nassau*, 180 F.3d 42, 54 (2d Cir.1999). For example, Abercrombie argues that there is no likelihood of confusion between its garments and Snopants, based upon the factors set forth in *Polaroid Corp. v. Polarad Elecs. Corp.*, 287 F.2d 492 (2d Cir.1961). However, the question of likelihood of confusion is a fact-specific inquiry which would require the Court to resolve disputed fact questions beyond the complaint, and it is therefore a question not appropriate for resolution on a test that considers only whether the complaint states a cognizable claim upon which the plaintiff may obtain relief. *See Manning Int'l Inc. v. Home Shopping Network, Inc.*, 152 F.Supp.2d 432, 437 n. 7 (S.D.N.Y.2001). The Court expresses no opinion as to the ultimate merits of Abercrombie's arguments; the Court here only concludes that those arguments are premature.

The Court also notes that Maharishi's proposed amended complaint follows the Court's instructions and cures the precise deficiencies which the Court had identified. The proposed amended complaint makes clear

that Maharishi is seeking trade dress protection for the trade dress associated with two particular styles of pants, whose definitions are very precise.

## II. *ORDER*

For the stated reasons, it is hereby

**ORDERED** that the motion of plaintiff Maharishi Hardy Blechman Ltd. for leave to amend it complaint is granted.

## SO ORDERED.